UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
UNITED STATES,

          Plaintiff,

  -against-

AARON ROBINSON,

          Defendant.
---------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:16-CR-00622-FB

*Appearances:*
*For the Plaintiff*:
ALEXANDER MINDLIN, ESQ.
U.S. Attorney's Office
271 Cadman Plaza East
Brooklyn, NY 11201

*For the Defendant*:
JAN ROSTAL, ESQ.
Federal Defenders of New York
One Pierrepont Plaza, 16th Fl.
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

      Aaron Robinson was found guilty of possession of child pornography after a jury trial. On February 22, 2021, the Court imposed sentence but reserved its decision on the issue of restitution.

      It is the government's burden to establish a victim's entitlement to restitution and the appropriate amount. *See* 18 U.S.C. § 2259. The government seeks an award of $3,000 restitution on behalf of ten identified victims, for a total of $30,000.

      The defendant has expressed deep remorse and communicated a desire to compensate victims of child pornography offenses using sales of his self-produced

1

music, which is available online. *See* ECF No. 75; ECF No. 77 at 2-3. However, defense counsel frames this as a voluntary offer. Defense counsel's legal position is that restitution can only be ordered for images included within the offense of conviction and losses proximately caused by defendant's crimes of conviction. *See* ECF No. 77 at 1-2.

For the reasons that follow, the Court is persuaded that the government has met its burden and awards $3,000 to each of the ten victims who have requested restitution.

I.

On June 13, 2016, a Homeland Security Investigations ("HSI") agent used investigative software to identify a computer transmitting child pornography over the internet. The computer used a peer-to-peer file sharing network known as eMule to distribute four files that depicted child pornography. On September 14, 2016, HSI agents executed a search warrant at Robinson's residence and seized various electronic devices.

After he was arrested, Robinson waived his right to silence and was forthcoming with the investigating agents. *See* PSR ¶ 12. He gave up his passwords willingly and admitted to possessing child pornography. Id.

This case went to trial in October, 2019. The government presented evidence that Robinson had thousands of images and hundreds of videos depicting child

2

pornography on computers at his apartment. The government established that Robinson's computer was used to transmit four images of child pornography to a computer controlled by the government using eMule. The trial established that child pornography materials were in the folder of Robinson's computer where downloads from the eMule program were stored. The government demonstrated that Robinson viewed the child pornography on his computer. Although the government had control of his electronic devices, it found no evidence that Robinson was communicating with other consumers of child pornography or children in an inappropriate manner. There is no evidence that Robinson ever engaged in sexual contact with a child.

At trial, defense counsel conceded in her opening statement and during summation that Robinson was guilty of possession. The defense at trial was that the government failed to establish receipt of child pornography – which carries a five-year mandatory minimum term of incarceration – beyond a reasonable doubt. After deliberating for several days, the jury agreed and found Robinson guilty of possessing child pornography. Specifically, in count two of the verdict sheet, the jury found Robinson guilty of possession of child pornography based solely on the image identified as "7yo Katty… ."[1]

---

[1] Robinson was found guilty of counts one and two of the verdict sheet. *See* Court Exhibit No. 12. Pursuant to *United States v. Polouzzi*, 564 F.3d 142 (2d Cir. 2009), the parties agreed that one of those counts must be dismissed. Based on the

3

## II.

Preliminarily, the Court believes the restitution issue turns on two threshold questions. The first is whether Robinson possessed the images and videos of the ten victims on whose behalf the government is seeking restitution. *See Paroline v. United States*, 572 U.S. 434, 458 (2014) (requiring a showing that "the defendant possessed a victim's images"). The second is whether Robinson's possession of these images proximately caused harm to the identified victims. *See Paroline*, 572 U.S. at 448 ("proximate cause forecloses liability in situations where the causal link between conduct and result is so attenuated that the so-called consequence is more akin to mere fortuity").

As to the first question, defense counsel conceded during the sentencing proceeding on February 22, 2021 that there was no factual dispute about whether the images and videos connected to the identified victims were on Robinson's devices. *See* Transcript of Sentencing Proceeding at 7-8, *United States v. Aaron Robinson*, 1:16-cr-00622-FB (E.D.N.Y. Feb. 22, 2021) ("We don't have a factual dispute about the defendant's possession of materials. But the materials the government is referring to are not in the count of conviction.").

---

government's requested dismissal of Count 1 and the defendant's lack of objection, the court orally dismissed Count 1 at the sentencing hearing on February 22, 2021. *See* ECF No. 68, 74, 77.

As to the second question, the Supreme Court has made clear that causation can be established in situations like this one – involving possession of child pornography. In *Paroline*, the Supreme Court explained that "the victim's costs of treatment and lost income resulting from the trauma of knowing that images of her abuse are being viewed over and over are direct and foreseeable results of child-pornography crimes, including possession, assuming the prerequisite of factual causation is satisfied." *Id*. at 449; *see also United States v. Hagerman*, 586 F. App'x 64, 65 (2d Cir. 2014). The Supreme Court added, "[w]e have no doubt that both proximate and factual causation were established." *Paroline*, 572 U.S. at 449.

### III.

Defense counsel contends the Court cannot order restitution because a "straightforward reading of § 2259(c) indicates that the term 'a crime' refers to the offense of conviction." *Paroline*, 572 U.S. at 445. Taking this isolated sentence out of context would, in the Court's view, be inconsistent with the Supreme Court's decision in *Paroline*. The Court is unaware of precedent from the Supreme Court or Second Circuit establishing that restitution in impermissible where the count of conviction specifies a specific image, but all parties agree that other illicit materials – depicting identified victims seeking restitution – were possessed by the defendant. Focusing narrowly on this statement would be an improper elevation of form over substance and would contradict the broader remedial purposes identified by the

5

Supreme Court. *See Paroline*, 572 U.S. at 457 ("The law makes restitution 'mandatory,' § 2259(b)(4), for child-pornography offenses under Chapter 110, language that indicates Congress' clear intent that victims of child pornography be compensated by the perpetrators who contributed to their anguish. It would undermine this intent to apply the statute in a way that would render it a dead letter in child-pornography prosecutions of this type.").

### IV.

The government has requested the minimum monetary damages permitted under the relevant statutory scheme for each of the ten identified victims. *See* 18 U.S.C.A. § 2259(b)(2)(B) ("the court shall order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000"). As a result, analysis of the optional *Paroline* factors is unnecessary. *Id*. at 460. As the Second Circuit has explained, "a district court is only required to ascertain by a preponderance of the evidence a reasonable approximation of losses supported by a sound methodology before imposing restitution." *United States v. Pinto*, 675 F. App'x 64, 65-66 (2d Cir. 2017). The Court is persuaded that there is sufficient evidence to establish by a preponderance that the defendant knowingly possessed images depicting the abuse of John Does 1-V, Alice, Andy, Cindy, Donatello, and Kauzie, who continue to suffer harm caused by the

6

ongoing traffic in their images. As a result, the Court awards each of the ten identified victims $3,000 in restitution.

## CONCLUSION

For the foregoing reasons, defendant is ordered to pay restitution in the amount of $3000 to John Does 1-V, Alice, Andy, Cindy, Donatello, and Kauzie.

**SO ORDERED.**

                                           _/S/ Frederic Block_____
                                           FREDERIC BLOCK
                                           Senior United States District Judge

Brooklyn, New York
March 19, 2021